IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>KELSEY ALLISON,<br><br>Defendant. | Case No.: 08 C 472<br><br>Honorable William T. Hart |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs, UMG Recordings, Inc., BMG Music, Sony BMG Music Entertainment, Warner Bros. Records Inc., and Arista Records LLC (collectively, the "Plaintiffs"), in further support of their Motion for Default Judgment and Permanent Injunction (the "Motion"), respectfully state as follows:

### I. BACKGROUND

1. On January 22, 2008, Plaintiffs filed their Complaint for Copyright Infringement (the "Complaint") against Defendant Kelsey Allison ("Defendant"). See Complaint, attached hereto as Exhibit A; see also Declaration of Amanda C. Jones, attached hereto as Exhibit B, ¶ 2.

2. On February 8, 2008, Defendant was served with a Summons to appear in the above-captioned proceeding. As such, Defendant's responsive pleading was due on or before February 28, 2008. See Affidavit of Service, attached hereto as Exhibit C.

3. Defendant has not appeared in this action and has not filed a responsive pleading to the Complaint. See Ex. B, ¶ 4.

4. Upon information and belief, Defendant is not an infant or incompetent person and, according to available public databases, is not in the military service. See Ex. B, ¶ 5; see also 50 U.S.C. App. § 521.

## II. ARGUMENT

5. The default concedes the truth of the allegations of the Complaint as to Defendant's liability. See, e.g., Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated."); Sony Music Entm't, Inc. v. Global Arts Prod., 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (in copyright infringement case, default establishes liability); UMG Recordings, et al. v. Stewart, 2006 WL 3360528, * 3 (S.D. Ill. October 25, 2006) ("As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiffs as to each cause of action alleged in the complaint. Upon default the well-pleaded allegations of a complaint relating to liability are taken as true." (internal citations omitted)).

6. The default establishes Defendant's liability to Plaintiffs for copyright infringement, in that Defendant used an online media distribution system to copy the copyrighted

sound recordings listed on Exhibit A to the Complaint and to distribute those recordings to other users of the system. See Ex. A, ¶ 15. These established facts constitute direct copyright infringement. See In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004) ("If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright. The swappers who are ignorant or more commonly disdainful of copyright and in any event discount the likelihood of being sued or prosecuted for copyright infringement, are the direct infringers."); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001) (individuals who upload and download copyrighted files from a system similar to one Defendant used commit direct copyright infringement).

7.  Defendant has not appeared in this action, has not filed a responsive pleading to the Complaint and is not believed to be an infant or incompetent person, or in active military service. See Ex. B, ¶¶ 4-5.

8.  Accordingly, pursuant to Rule 55, Plaintiffs are entitled to entry of a specific default judgment against Defendant. Consistent with Rule 55, Plaintiffs hereby request the following statutory damages, injunctive relief, and costs:

   a.  The minimum statutory damages provided by Section 504 of the Copyright Act ($750) for each of the ten (10) infringements alleged in the Complaint, for a total of $7,500.00;

   b.  An injunction pursuant to Section 502 of the Copyright Act; and

   c.  Costs, pursuant to Section 505 of the Copyright Act, in the amount of $420.00. See Ex. B., ¶ 6.

A.  **Minimum Statutory Damages**

9.  Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2).

3

10. Section 504(c)(1) of the Copyright Act, in turn, provides that: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). See also Fitzgerald Publ'g Co. v. Baylor Publ'g Co., Inc., 807 F.2d 1110, 1114 (2d Cir. 1986) (copyright "owner may elect to recover – instead of actual damages and profits – statutory damages under 17 U.S.C. § 504(c)(1) for those works whose copyrights were registered at the time the infringement occurred."); 4 Melville B. Nimmer & David M. Nimmer, Nimmer On Copyright ("Nimmer") § 14.04[A], at 14-66 (2006) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits.").

11. Plaintiffs need not prove actual damages to be entitled to an award of statutory damages. "Under the current Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has intentionally declined to offer such evidence, although it was available." 4 Nimmer, § 14.04[A], at 14-66; see also Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001), cert. denied, 534 U.S. 1127, 112 S. Ct. 1063 (2002) ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits." (citation omitted)); Los Angeles News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998), cert. denied, 525 U.S. 1141, 119 S. Ct. 1032 (1999) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by

plaintiff or the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement." (internal quotation marks and citation omitted)).

12. Courts routinely award minimum statutory damages – or higher – as part of default judgments in copyright infringement cases. See, e.g., Ortiz-Gonzalez, 277 F.3d at 63-64 (award of greater than minimum statutory damages as part of default judgment); Morley Music Co. v. Dick Stacey's Plaza Motel, Inc., 725 F.2d 1, 2-3 (1st Cir. 1983) (award of greater than minimum statutory damages as part of default judgment); Getaped.com, Inc. v Cangemi, et al., 188 F. Supp. 2d 398, 400-02 (S.D.N.Y. 2002) (on default judgment, awarding $30,000 statutory damages for a single act of infringement).

13. Because Plaintiffs here seek only the minimum statutory damages and those damages easily are ascertainable from the Complaint, no evidentiary hearing is necessary. See, e.g., Ortiz-Gonzalez, 277 F.3d at 63-64 (no hearing necessary, even where greater than minimum amount of statutory damages awarded); Morley Music Co., 725 F.2d at 6 (so long as trial judge has "an adequate reference base for his judgment," no hearing is required, even where greater than minimum statutory damages awarded); see also O'Brien v. R.J. O'Brien & Assoc., Inc., 998 F.2d 1394, 1405 (7th Cir. 1993) (affirming default judgment for amount of damages sought in Complaint where court did not hold hearing on damages); Fustok v. ContiCommodity Servs., Inc., et al., 873 F.2d 38, 40 (2d Cir. 1989) ("While it is true . . . that the damages in this case were neither liquidated nor capable of mathematical calculation, it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment."); HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988) ("It is settled that, if arriving at the judgment amount

involves nothing more than arithmetic – the making of computations which may be figured from the record – a default judgment can be entered without a hearing of any kind.").

**B.     Permanent Injunction**

14.     Section 502(a) of the Copyright Act specifically provides for injunctive relief: "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." See Pacific & Southern Co., Inc. v. Duncan, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984), cert. denied, 471 U.S. 1004, 105 S. Ct. 1867 (1985) (Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright").

15.     Injunctions are regularly issued pursuant to the mandate of Section 502, because "the public interest is the interest in upholding copyright protections." Autoskill Inc. v. National Educ. Support Sys., Inc., 994 F.2d 1476, 1499 (10th Cir.), cert. denied, 510 U.S. 916, 114 S. Ct. 307 (1993). "[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1255 (3d Cir. 1983), citing Klitzner Indus., Inc. v. H.K. James & Co., 535 F. Supp. 1249, 1259-60 (E.D. Pa. 1982). Here, an "injunction is necessary to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights." Atari, Inc. v. N. Am. Philips Consumer Electric Corp., 672 F.2d 607, 620 (7th Cir.), cert. denied, 459 U.S. 880, 103 S. Ct. 176 (1982), superseded by statute on other grounds, Fed. R. Civ. P. 52(a) (1985), as recognized in Scandia Down Corp. v. Euroquilt, Inc., 777 F.2d 1423 (7th Cir. 1985).

16. Courts also routinely issue injunctions as part of default judgments. See, e.g., Claremont Flock Corp. v. Alm, 281 F.3d 297 (1st Cir. 2002) (affirming award of default judgment and injunction); Securities & Exch. Comm'n v. Coldicutt, 258 F.3d 939, 945 (9th Cir. 2001) (affirming refusal to terminate permanent injunction issued on default judgment); Johnson v. Kakvand, 192 F.3d 656, 663 (7th Cir. 1999) (affirming default judgment with injunction); Securities & Exch. Comm'n v. McNulty, 137 F.3d 732, 741 (2d Cir.), cert. denied, 525 U.S. 931, 119 S. Ct. 340 (1998) (affirming default judgment enjoining corporate officer from violating securities laws); CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 63 (5th Cir. 1992) (affirming default judgment for injunction requiring defendant in trademark infringement suit to label its product to avoid public confusion); Sony Music Entm't, Inc. v. Global Arts Prod., 45 F. Supp. 2d at 1347-48 (entering permanent injunction against copyright infringement on default judgment).

17. Here, Plaintiffs allege that Defendant's conduct is causing irreparable injury that cannot fully be compensated or measured in money, and that they will continue to suffer such injury unless the Court enjoins Defendant from continuing to infringe Plaintiffs' copyrights. Ex. A, ¶ 20. In copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits. See, e.g., Micro Star v. Formgen, Inc., 154 F.3d 1107, 1109 (9th Cir. 1998). "The only difference in the elements needed for the granting of a permanent, as opposed to a preliminary, injunction is the need to show success on the merits, not merely likelihood of success. . . . Consequently, Plaintiffs in this case need not show irreparable harm,

CHGO1\31166840.1

as the default against Defendants satisfies the element of success on the merits." <u>Sony Music Entm't, Inc.</u>, 45 F. Supp. 2d at 1347.[1]

18. In Paragraph 1 of the Prayer of the Complaint, Plaintiffs specifically requested the following injunction:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

<u>See</u> Ex. A, Prayer ¶ 1.

19. Damages cannot begin adequately to compensate Plaintiffs for the harm caused, and the ease, scope, and history of Defendant's infringement more than warrant the requested injunction. Defendant's infringements were widespread, going well beyond the few representative examples listed in Exhibit A to the Complaint. <u>See</u> Ex. A and the Exhibits attached thereto. Moreover, Defendant's means of infringement – an online media distribution system with tens of millions of potential users – has left Plaintiffs' Recordings vulnerable to massive, repeated, near-instantaneous, and worldwide infringement. Because recordings made

---

[1] "Copyright infringement is presumed to give rise to 'irreparable injury.'" <u>Universal City Studios v. Reimerdes</u>, 82 F. Supp. 2d 211, 215 (S.D.N.Y. 2000) (citing <u>Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.</u>, 25 F.3d 119, 124 (2d Cir. 1994)); <u>accord</u>, <u>e.g.</u>, <u>In re Aimster Copyright Litig.</u>, 252 F. Supp. 2d 634, 662 (N.D. Ill. 2002), <u>aff'd</u>, 334 F.3d 643 (7th Cir. 2003), <u>cert. denied</u>, 124 S. Ct. 1069 (2004) ("irreparable harm may normally be presumed in copyright infringement context").

available over these systems typically are made available for further unlawful distribution by the users who download them, Defendant's conduct has subjected Plaintiffs' valuable recordings to ongoing "viral" infringement. See e.g., Aimster, 334 F.3d at 646-47; Napster, 239 F.3d at 1011.

20.    Defendant has not rebutted or contested Plaintiffs' allegation that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download Plaintiffs' Recordings. See, Ex. A, ¶ 15. Consequently, Defendant has conceded this point. See, ¶¶ 5-6, supra. Furthermore, Defendant's failure to respond to the Complaint suggests that Defendant does not take seriously the illegality of the infringing activity. Thus, without an injunction, Plaintiffs' copyrighted recordings remain vulnerable to continued, repeated infringement.

21.    In light of the scope and nature of Defendant's infringement, the need to protect Plaintiffs' Recordings, and the public interest, the requested injunction prohibits infringement of all copyrighted sound recordings owned by Plaintiffs, including future recordings. See Sony Music Entm't, Inc., 45 F. Supp. 2d at 1347-48 (enjoining defendants from infringing any of the copyrighted works owned by Plaintiff, including, but not limited to, those listed in the complaint); Canopy Music, Inc. v. Harbor Cities Broad. Inc., 950 F. Supp. 913, 916 (E.D. Wis. 1997) (enjoining radio station that infringed musical composition copyrights "from performing any songs to which ASCAP possesses the right to license"); Columbia Pictures Indus., Inc. v. Babella, No. 95 C 1610, 1996 WL 328015, at *4 (N.D. Ill. June 11, 1996) (enjoining infringement of any of plaintiffs' works); Picker Int'l Corp. v. Imaging Equip. Serv., Inc., 931 F. Supp. 18, 45 (D. Mass. 1995), aff'd, 94 F.3d 640 (1st Cir. 1996) (injunction entered which applies "not only to the works as to which infringement has already been adjudicated, but also to any other works presently owned by plaintiff"); Jobette Music Co., Inc., et al. v. Hampton, 864

F. Supp. 7, 9 (S.D. Miss. 1994) (enjoining defendants from performing any musical compositions licensed through ASCAP, not just those listed in complaint); Zeon Music v. Stars Inn Lounge, Ltd., No. 92 C 7607, 1994 WL 163636, at *3 (N.D. Ill. Apr. 28, 1994) (where defendants infringed four songs, court enjoined them "from publicly performing or sponsoring the public performances of any musical composition included in ASCAP's repertory until such time as defendants obtain a license to do so"); Weintraub/Okun Music v. Atlantic Fish & Chips, Inc., No. 90 C 4938, 1991 WL 34713, at *4 (N.D. Ill. Mar. 13, 1991) (seven songs infringed by restaurant; Court enjoined "further infringement of the copyrights held by ASCAP members").

22. For the same reasons, and because Plaintiffs continually create new works – works that would be vulnerable to infringement if the injunction were limited to existing works, and that would require new litigation to redress each future infringement -- the requested injunction follows standard practice in copyright cases by covering works to be created in the future. See, e.g., Princeton Univ. Press v. Michigan Document Serv., Inc., 99 F.3d 1381, 1392-93 (6th Cir. 1996), cert. denied, 520 U.S. 1156, 117 S. Ct. 1336 (1997) ("The weight of authority supports the extension of injunctive relief to future works."); Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994) (permanent injunction is applicable to works created in the future); Basic Books, Inc. v. Kinko's Graphics Corp., 758 F. Supp. 1522, 1542 (S.D.N.Y. 1991) (plaintiffs are entitled to injunction against future infringement of works which may not now be copyrighted or even in existence but, in the future, may be copied by defendant).

C. **Costs of Suit**

23. Courts routinely award costs on default judgment in copyright infringement actions. See, e.g., Jobette Music Co., Inc., 864 F. Supp. at 10 (granting costs in a copyright infringement case); see also, Canopy Music, Inc., 950 F. Supp. at 917-18; Cross Keys Publ'g Co., Inc. v. Wee, Inc., 921 F. Supp. 479, 482 (W.D. Mich. 1995).

24. Section 505 of the Copyright Act expressly authorizes recovery of "full costs," because an award of costs would "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." A&N Music Corp. v. Venezia, 733 F. Supp. 955, 959 (E.D. Penn. 1990) (awarding costs on default judgment in copyright infringement action) (internal citations omitted); see also Cross Keys Publ'g Co., Inc., 921 F. Supp. at 481-82 (default judgment awarding costs).

### III. CONCLUSION

For the reasons stated herein, and in the Motion, Plaintiffs respectfully request that the Court enter an Order for (1) default judgment in favor of Plaintiffs and against Defendant; (2) statutory damages in the total amount of $7,500.00; (3) an injunction in the form sought in the Complaint; (4) costs of $420.00; and (5) for any other relief this Court deems appropriate under the circumstances.

Respectfully submitted,

UMG RECORDINGS, INC; BMG MUSIC; SONY BMG MUSIC ENTERTAINMENT; WARNER BROS. RECORDS INC.; and ARISTA RECORDS LLC,

DATED: March 18, 2008

By: /s/ Amanda C. Jones
One of their attorneys

Keith W. Medansky (ARDC #06195673)
Ann M. Bredin (ARDC #06255663)
Amanda C. Jones (ARDC #06286509)
**DLA PIPER US LLP**
203 N. LaSalle Street  Suite 1900
Chicago, Illinois 60601-1293
Tel. (312) 368-4000
Fax. (312) 236-7516

CHGO1\31166840.1